# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00790-CV
NO. 03-16-00012-CV

**In re Billy Joel Fuchs**

ORIGINAL PROCEEDINGS FROM CALDWELL COUNTY

# M E M O R A N D U M   O P I N I O N

In cause number 03-15-00790-CV, relator Billy Joel Fuchs has filed a pro se petition for writ of mandamus, in which he complains of the district court's appointment of counsel to represent him in criminal proceedings in the court below. According to Fuchs, he never requested the appointment of counsel and desires to represent himself in those proceedings. In response to his petition, we have received from the district court a copy of an order signed by Fuchs and the district court. In the order, Fuchs waived the right to be represented by counsel and the district court allowed Fuchs to represent himself. Thus, Fuchs's complaint is now moot. Accordingly, we dismiss his petition for want of jurisdiction.

In cause number 03-16-00012-CV, Fuchs has filed a pro se application for writ of habeas corpus, in which he alleges that he is being illegally confined, prior to trial, for the offenses of resisting arrest and interference with public duties. This Court, however, does not have original

habeas jurisdiction in criminal cases.[1]  Accordingly, we dismiss Fuchs's application for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Filed:  April 13, 2016

---

[1]  *See* Tex. Gov't Code § 22.221(d) (limiting original habeas jurisdiction of courts of appeals to civil cases); *see also* Tex. Code Crim. Proc. art. 11.05 ("The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law."); *In re Thacker*, No. 03-14-00118-CV, 2014 Tex. App. LEXIS 4017, at *1-2 (Tex. App.—Austin Apr. 11, 2014, orig. proceeding) (dismissing similar case for want of jurisdiction).